IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| General Tools & Instruments, LLC ) <br> ) <br> v. ) <br> ) <br> Does 1-2092, As Identified in Exhibit 2 ) <br> ) <br> ) | Case No.: 1:19-cv-02519 <br><br> Judge: Honorable Robert W. Gettleman <br><br> Magistrate: Honorable Sunil R. Harjani |

### *EX PARTE* TEMPORARY RESTRAINING ORDER WITH ASSET FREEZE AND OTHER EQUITABLE RELIEF

Plaintiff, General Tools & Instruments, LLC ("General Tools"), having filed its complaint for Federal Trademark Counterfeiting and Infringement, Unfair Competition and False Designation of Origin, and claims under the Illinois Uniform Deceptive Trade Practices Act, and having moved *ex parte* for a Temporary Restraining Order and other relief pursuant to Rule 65 of the Federal Rules of Civil Procedure, Fed. R. Civ. Pro. 65 (Dkt. 11), and the Court having considered the complaint, declarations, exhibits, and memorandum of law filed in support, finds as follows:

1. This Court has subject matter jurisdiction over the subject matter of this case;

2. This Court has good cause to believe the Court will have jurisdiction over the parties;

3. There is good cause to believe that the Defendants, identified in the Complaint (Exhibit #2 (under seal)) have engaged in, and are likely to continue to engage in acts and practices that violate the Lanham Act, 15 U.S.C. §1114(1), false designation of origin claim under 15 U.S.C. §1125(a), and the Illinois Uniform Deceptive Trade Practice Act, 810 ILCS 510 of Plaintiff's ANGLE-IZER Trademarks ("ANGLE-IZER Trademark") (Ex. 3 of Pl's Compl.(Dkt. 1)).

4. There is good cause to believe that immediate and irreparable injury will occur to the

Plaintiff, will occur from the sale, transfer, or other disposition or concealment by Defendants of their assets and business records unless Defendants are immediately restrained and enjoined by order of this Court.

5. There is good cause to for issuing this Order pursuant to Federal Rule of Civil Procedure 65(b).

6. A bond, cash or surety, is to be filed in the amount of $ **10,000.00**, with the Court.

**It is ordered:**

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily enjoined and restrained from:

    a. using the ANGLE-IZER trademark or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine General Tools product or not authorized by Plaintiff to be sold in connection with the ANGLE-IZER Trademark;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine General Tools Design product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control or supervision of General Tools Design, LLC and approved by Plaintiff for sale under the ANGLE-IZER Trademark;

    c. committing any acts calculated to cause consumers to believe that Defendants' Counterfeit Products are those sold under the authorization, control or supervision of General Tools Design, LLC, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    d. further infringing the ANGLE-IZER Trademark and damaging Plaintiff's goodwill; and

   e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of the ANGLE-IZER trademarks, or any reproductions, counterfeit copies or colorable imitations thereof.

 II. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily enjoined and restrained from:

   a. Moving, destroying, or otherwise disposing of any items, merchandise or documents relating to the Counterfeit Products, Defendants' infringing webstores or websites, and/or Defendants' assets and operation; and

   b. Removing, destroying, or otherwise disposing of computer files, electronic files, business records, or documents relating to any of Defendants' infringing webstores, websites, assets, operations, or relating in any way to the manufacture, acquisition, purchase, distribution or sale of Counterfeit Products, or any reproduction, copy or colorable imitation of the ANGLE-IZER trademarks.

 III. Each Defendant, within fourteen (14) days after receiving notice of this Order, shall serve upon Plaintiff a written report under oath providing: (a) their true name and physical address; (b) all websites and online marketplace accounts on any platform that they own and/operate; (c) documents sufficient to show total revenues generated from the sale of items hearing the ANGLE-IZER Trademark on their websites and other online marketplaces, including but not limited to all Amazon, eBay, Wish, Ali Express, Alibaba, PayPal, Western Union, Payoneer, Worldfirst, etcaccounts; and (d) the steps taken by each Defendant to comply with paragraphs 1(a)–(i) and 2(a)–(b), above.

 IV. Plaintiffs may immediately commence discovery by providing actual notice of this Order and an appropriate subpoena (if necessary) to any of the following parties: (1) Defendants,

their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them; (2) any banks, savings and loan associations, payment processors or other financial institutions, including without limitation, Amazon, eBay, Wish, Ali Express, AliBaba, PayPal, Inc., Western Union, Payoneer, Worldfirst, etc. or any other merchant account providers, payment provider, third party processors, credit card associations (i.e. MasterCard and VISA) that receive payments or hold assets on Defendants' behalf; and (3) any third party service providers, including without limitation, ISPs, back-end service providers, web designers, sponsored search engine or ad-word providers, shippers, domain name registrars, domain name registries or online third-party sellers who have provided services for Defendants.

V. Defendants and any persons in active concert or participation with them who have actual notice of this Order shall be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

VI. Amazon, eBay, Wish, Ali Express, Alibaba, and their affiliates shall, within five (5) business days of receipt of this Order, block any money transfers and funds from being transferred by the Defendants identified in Exhibit 2 (under seal) of Plaintiff's Complaint until further ordered by this Court and shall provide a written report providing information they possession concerning: (a) any Defendant's true name and physical address; (b) URLs or listings including the term ANGLE-IZER, ANGLEIZER, or ANGULARIZER ("derivative terms"), including in any metadata; (c) documents sufficient to show total revenues or sale figures generated from the sale of items hearing the ANGLE-IZER Trademark or any derivative terms on their websites.

VII. PayPal, Inc., Payoneer, Worldfirst ("Payment Processors") shall, within five (5) business days of receipt of this Order, for any Defendant or any of Defendants' infringing websites:

> a. locate all accounts and funds utilized by Defendants and the infringing websites, including any Payment Processor and accounts affiliated with the information listed in Exhibit 2 of Plaintiff's Complaint hereto (filed under seal); and

  b. restrain and enjoin any such accounts or funds from being transferred or disposed of until further ordered by this Court.

VIII. Any banks, savings and loan associations, payment processors, or other financial institutions, for any Defendant or any of Defendants' infringing websites, shall within five (5) business days of receipt of this Order:

  a. locate all accounts and funds utilized by Defendants and the infringing websites, including any financial accounts affiliated with the information listed in Exhibit 2 to the Plaintiff's Complaint (as filed under seal and provided hereto); and

  b. restrain and enjoin any such accounts or funds from being transferred or disposed of until further ordered by this Court.

IX. Plaintiff may provide notice of these proceedings to Defendants, including notice of the preliminary injunction hearing and service of process pursuant to Fed. R. Civ. P. 4(f)(3), by by sending an e-mail to the e-mail addresses provided for Defendants by third parties hosting their webstores, such as Amazon, eBay, Wish, Ali Express, Alibaba, etc. Providing notice via e-mail, along with any notice that Defendants receive from webstore hosts and payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

X. After service of process is completed, Dkts #5 and #14 (Exhibit 2 of Plaintiff's Complaint and Exhibit 1 to Nair Declaration in Support of Motion for TRO) shall be unsealed.

This Temporary Restraining Order without notice is entered at ~~5:00 P.M.~~ 9:45 AM on this 24th day of April, 2019 and shall remain in effect for fourteen (14) days.

DATED: April 24, 2019

Robert W. Gettleman
United States District Court Judge

Page 5 of 5